**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The JEWISH HOME FOR the ELDERLY OF FAIRFIELD COUNTY, Respondent.**

No. 05–1924–AG.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Jill A. Griffin, National Labor Relations Board, Washington, D.C. (Heather S. Beard, Arthur F. Rosenfeld, on the brief), for Petitioner.

Jeffrey R. Babbin, Wiggin and Dana LLP, New Haven, CT (Meghan D. Burns, on the brief), for Respondent.

Present: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 31st day of March, two thousand six.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the application for enforcement is **GRANTED.**

The National Labor Relations Board (the "Board") petitions for enforcement of its decision and order dated December 16, 2004 affirming the decision of an administrative law judge ("ALJ") and adopting his order with certain modifications. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues presented.

"The scope of our review of the board's findings that an employer committed unfair labor practices is quite limited." *NLRB v. J. Coty Messenger Serv., Inc.,* 763 F.2d 92, 96 (2d Cir.1985). We will uphold the Board's findings of fact that are supported by substantial evidence. 29 U.S.C. § 160(e); *NLRB v. Local 32B–32J Serv. Employees Int'l Union,* 353 F.3d 197, 199 (2d Cir.2003). "Even if a court could draw different conclusions from

632

those drawn by the agency, that would not prevent the agency's decision from being supported by substantial evidence." *Kinney Drugs, Inc. v. NLRB*, 74 F.3d 1419, 1427 (2d Cir.1996) (internal quotation marks and citations omitted). Moreover, "[w]hen the NLRB's findings are based on the ALJ's assessment of the credibility of witnesses, they will not be overturned unless they are hopelessly incredible or they flatly contradict either the law of nature or undisputed documentary testimony." *Id.* (internal quotation marks omitted).

The respondent's arguments are primarily variations on the theme that the ALJ should have found its witnesses credible. Yet the respondent cannot prevail simply by recasting the evidence in the light most favorable to the respondent. Nor do we find that the ALJ's occasional overstatement of the standard for assessing the credibility of current employees set forth in *Flexsteel Industries, Inc.*, 316 N.L.R.B. 745 (1995), undermines his credibility findings, given the breadth of the factors the ALJ actually considered in assessing credibility.

We have considered all of the respondent's arguments and find them without merit. Accordingly, for substantially the reasons given by the Board and the ALJ, *see The Jewish Home for the Elderly of Fairfield County*, 343 N.L.R.B. No. 117, 2004 WL 2967815 (2004), the petition for enforcement is hereby **GRANTED**.